IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CHRISTOPHER WAYNE WALTERS,**                                                              **PLAINTIFF**
**# 85066**

**VERSUS**                                                         **CIVIL ACTION NO. 2:16cv32-KS-MTP**

**SHERIFF ALEX HODGE, MAJOR RANDY**
**JOHNSON, CAPTAIN DAVID HARRALT,**
**SERGEANT WAYNE MCREE, OFFICER**
**BROWN, OFFICER HARRIS, OFFICER**
**LYNCH, SERGEANT JACKIE HAYS,**
**OFFICER JESSE JAMES, OFFICER**
**ALLAIN, OFFICER WESLEY GAINY,**
**OFFICER INGRAM, NURSE CAROL, and**
**MS. TERESA, DIRECTOR OF**
**CAFETERIA**                                                                                  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER DISMISSING
## JESSE JAMES, WESLEY GAINY, AND OFFICER INGRAM

This matter is before the Court *sua sponte*. *Pro se* Plaintiff Christopher Wayne Walters is incarcerated with the Mississippi Department of Corrections, and he challenges the conditions of his prior confinement at the Jones County Adult Detention Center. The Court has considered and liberally construed the pleadings. As set forth below, Defendants Officer Jesse James, Officer Wesley Gainy, and Officer Ingram are dismissed.

### BACKGROUND

Walters alleges that he was housed at the Jones County Adult Detention Center from about October 15, 2015, through February 27, 2016. During this time, he complains he was subjected to overcrowding, threats, unsanitary conditions, denial of recreation, and environmental tobacco smoke.

Walters first claims that the jail was overcrowded, with at least eighteen detainees housed

on a twelve bed zone. He was forced to sleep on the floor in this zone from October 15, 2015, through February 23, 2016. Walters alleges that he and his family complained about the overcrowding to Defendant Major Randy Johnson, to no avail. Walters further accuses Defendants Captain David Harralt, Sergeant Wayne Mcree, Officer Brown, Officer Harris,[1] and Sergeant Jackie Hays of being deliberately indifferent to the overcrowding.

Walters next complains about threats from officers. He alleges that on or about October 26, 2015, Brown, Defendant Officer Lynch, and Harris performed the morning count. During this time Harris got into a verbal argument with an inmate in cell 120. Walters was also in the cell. Brown then argued with the inmate, pulled a knife, and threatened him. Walters was afraid, so he left the cell. After this incident, Brown put the inmate in segregation, and Harralt warned the inmates not to hit any officers. He took all of the inmates' privileges away for an hour and a half.

Next, Walters claims that on November 4, 2015, Lynch came into cell 120 during certified count and used a knife to cut strings off of the racks. Walters and other inmates begin to argue with Lynch that he should not have a knife. He then threatened the entire cell with the knife, telling them to "back off." (Compl. at 6). Walters contends this caused him to fear for his life. Mcree and Lynch then took the inmates' television, phone, visitation, and canteen privileges away.

As for the unsanitary conditions claims, Walters complains about the floor, showers and the kitchen. He maintains that the floors were not cleaned during his time at the jail, because of the number of people sleeping on the floor. He also claims all of the showers had mold, "from

---

[1]This Defendant's name appears alternatively as "Harrison" in the Complaint.

floor to roof," which caused him to get sick. *Id.* at 8. Walters showed the mold to Hays, and Walters and his family complained about it to Johnson. Walters also alleges that Harris and Hays were also deliberately indifferent to this condition. As for the kitchen, Walters alleges that garbage was kept in front of the cooler; the meat saw, counters, and cups were never sanitized; and the plumbing backed up into the kitchen and cooler room. He also complains about the way food and coffee are set out. He accuses Defendant Ms. Teresa, director of the cafeteria, of causing the conditions in the kitchen. Walters alleges that Harralt and Mcree have been repeatedly notified of all of the above unsanitary conditions claims.

Walters next complains that he was denied any kind of recreation or exercise during his stay at Jones County. He claims the overcrowded conditions likewise prevented any exercise in the day room. He alleges that he and his family complained to Johnson about the lack of recreation and exercise, but nothing was done. Walters also accuses Harralt, Mcree, Brown, Harris, and Hays of denying him recreation.

Finally, Walters contends that he was subjected to environmental tobacco smoke at the jail. Specifically, he claims that jail employees, including Hays and Defendants Officer Allain and Nurse Carol, smoked behind the kitchen and in the sally port. "The smoke is pulled back thr[o]u[gh] the ventilation system. . . . It causes mucus, irritation of [the] nose." *Id.* at 11.

On March 22, 2016, Walters filed the instant Complaint. Walters invokes claims under 42 U.S.C. § 1983 for cruel and unusual punishment, deliberate indifference, due process and under state law for assault. Besides the Defendants listed above, all of the § 1983 conditions claims are brought against Defendant Sheriff Alex Hodge, individually and officially. No facts are pled against Defendants Officers Jesse James, Wesley Gainy, and Ingram.

**DISCUSSION**

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. The statute provides in part, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Walters to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under § 1915.

Among others, Walters sues James, Gainy, and Ingram. Other than being listed as Defendants, they are not mentioned in the pleadings. This is despite the fact that Walters was given an opportunity to amend his pleadings as to these three. Therefore, they will be dismissed for failure to state a claim against them upon which relief may be granted. The remainder of the case shall proceed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, Defendants Officer Jesse James, Officer Wesley Gainy, and Officer Ingram should be, and are

hereby, **DISMISSED WITH PREJUDICE** for failure to state a claim against them upon which relief may be granted.  This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).  The remainder of the case shall proceed.

    **SO ORDERED AND ADJUDGED**, this the 6th day of July, 2016.

                *s/Keith Starrett*
                UNITED STATES DISTRICT JUDGE