IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CHRISTOPHER WAYNE WALTERS**                                      **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 2:16-cv-32-MTP**

**MAJOR RANDY JOHNSON, ET AL.**                               **DEFENDANTS**

**OPINION AND ORDER**

THIS MATTER is before the Court on Plaintiff's *ore tenus* motion to dismiss and *sua sponte* for evaluating whether Plaintiff's claims should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Having considered the record and applicable law and having conducted a *Spears*[1] hearing, the Court finds that Plaintiff's *ore tenus* motion to dismiss should be granted, this case should be dismissed for failure to state a claim, and the dismissal should count as a strike pursuant to 28 U.S.C. § 1915(g).

**VOLUNTARY DISMISSAL**

In his Complaint [1], Plaintiff, *inter alia*, asserts claims regarding the conditions of his confinement at Jones County Detention Center. During the omnibus hearing held on March 27, 2017, however, Plaintiff stated that he no longer wishes to pursue these claims and wants them dismissed. Plaintiff also stated that he only wants to pursue claims against Defendants Major Randy Johnson, Captain David Hare, and Sgt. Wayne McCree. No defendant opposed Plaintiff's motion, and the Court finds that it should be granted. Accordingly, the Court will dismiss Plaintiff's claims regarding the conditions of his confinement and will dismiss Defendants Sheriff Alex Hodge, Sgt. Jackie Hayes, Officer Allain, Nurse Carol Johnson, and Teresa May.

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

1

**REMAINING CLAIMS**

**Background**

Because Plaintiff's remaining claims are brought under 42 U.S.C. § 1983, the Court has subject matter jurisdiction based on a federal question pursuant to 28 U.S.C. § 1331.  This lawsuit arises from events which took place while Plaintiff was a post-conviction inmate at the Jones County Detention Center in Ellisville, Mississippi.[2]  Plaintiff's claims and relief sought were clarified and amended by his sworn testimony at the *Spears* hearing.[3]

According to Plaintiff, in late October, 2015, he was in a cell which housed several inmates when Officer Harris entered and began arguing with another inmate, Jesse Bohdon.[4]  Officer Brown also came into the cell and joined in the argument.  Eventually, the inmate and an officer shoved one another.  Thereafter, Officer Brown brandished a knife and threatened all of the inmates in the cell.  Plaintiff does not allege that Officer Brown cut, or otherwise injured, any inmate but alleges that it was against jail policy for Officer Brown to have the knife.  Thereafter, Defendant Captain David Hare entered the cell and told the inmates he would bring in a "K9" to bite them and destroy their "canteen."[5]  Defendant Hare did not act on this threat or otherwise harm the inmates or their belongings.  However, Defendant Hare deprived the inmates of their canteen privileges for an hour and a half.

---

[2] Plaintiff is currently incarcerated at Central Mississippi Correctional Facility in Pearl, Mississippi.

[3] *See Flores v. Livingston*, 405 Fed. App'x. 931, 932 (5th Cir. 2010); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that allegations made at a *Spears* hearing supersede claims alleged in the complaint).

[4] "Jesse Bohdon" is the name provided in Plaintiff's complaint. *See* [1] at 6.

[5] Plaintiff is referring to personal items the inmates purchased from the canteen or commissary.

Additionally, Plaintiff alleges that in early November, 2015, Officer Lynch came into the cell and noticed string tied to Inmate Bohdon's bed. As string is considered contraband, Officer Lynch allegedly began using a knife to cut the string from the bed. When Inmate Bohdon and other inmates began arguing with Officer Lynch, the officer began waiving the knife around, telling all the inmates to back away. Plaintiff does not allege that the officer injured anyone but alleges he violated jail policy by possessing the knife. Thereafter, Captain Hare entered the cell and allegedly threatened the inmates with "lockdown."

Plaintiff alleges that he submitted multiple grievances relating to these events, but no disciplinary action was taken against Officer Brown or Officer Lynch. Plaintiff asserts claims against Defendants Major Randy Johnson, Sgt. Wayne McCree, and Captain Hare for their failure to take any action as a result of the behavior of Officers Brown and Lynch. Plaintiff also asserts claims against Captain Hare for the alleged threats he made against the inmates and the deprivation of canteen privileges.[6]

**Standard**

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to the instant case.

---

[6] In his Complaint, Plaintiff named Officers Brown and Lynch as defendants, but on October 26, 2016, the Court dismissed these defendants after Plaintiff requested they be dismissed. *See* Response [41]; Order [42].

In considering whether a plaintiff has stated a claim on which relief may be granted, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). However, "the tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555. (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' necessary claims or elements." *In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

**Analysis**

Plaintiff's allegations that Defendants failed to adequately respond to his grievances and take disciplinary action against Officers Brown and Lynch do not amount to a constitutional violation. *See Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (holding inmate does not have a federal protected liberty interest in having prison grievances investigated or resolved to his satisfaction); *Dehghani v. Vogelgesang*, 226 Fed. App'x. 404, 406 (5th Cir. 2007) (holding

4

that plaintiff's allegation that warden failed to adequately investigate his grievance did not amount to a constitutional violation); *Charles v. Nance*, 186 Fed. App'x. 494, 495 (5th Cir. 2006); *Woodland v. City of Vicksburg*, 2006 WL 3375256, at *3 (S.D. Miss. Nov. 21, 2006).

Additionally, Plaintiff's allegations that Captain Hare threatened the inmates with "lockdown" and by telling them he would use a dog to harm them and their belongings do not amount to a constitutional violation. Mere allegations of verbal abuse or threats do not present actionable claims under Section 1983. "[A]s a rule, mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation." *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) (internal quotation and citation omitted); *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002).

Finally, Plaintiff's allegation that Captain Hare deprived him and other inmates of their canteen privileges for an hour and a half fails to state an actionable claim under Section 1983. At best, Plaintiff is asserting that his constitutional rights were violated under the Due Process Clause. To invoke the protections of the Due Process Clause, Plaintiff must have a protected liberty interest at stake. A prisoner's liberty interest protected by the Due Process Clause is "generally limited to freedom from restraint which . . . imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). A restriction in privileges does not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997) (holding that an inmate's 30 day canteen/commissary and cell phone restrictions as punishment do not present the type of atypical, significant deprivation in which a state might create a liberty interest); *Moore v. Sawyer*, 2010 WL 6004375, at *1 (E.D. Tex. July 26, 2010) (determining that loss of telephone and visitation privileges did not rise to a level of constitutional deprivation); *King v. Sims*, 2009

WL 2497154, at *5 (S.D. Miss. Aug. 14, 2009) (finding that reclassification, reassignment, and loss of canteen/commissary, phone, and visitation privileges did not constitute a violation of plaintiff's constitutional rights).

Accordingly, Plaintiff has failed to state any claim on which relief may be granted, and this action should be dismissed. Dismissal of this ground warrants the imposition of a strike pursuant to the three strikes provision of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Plaintiff is cautioned that if he accumulates three strikes he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's *ore tenus* motion to dismiss all Defendants other than Major Randy Johnson, Captain David Hare, and Sgt. Wayne McCree is GRANTED;

2. This action is DISMISSED with prejudice with respect to Major Randy Johnson, Captain David Hare, and Sgt. Wayne McCree pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

3. A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein; and

4. The dismissal shall count as a strike pursuant to Section 1915(g).

SO ORDERED this the 31th day of March, 2017.

                                         s/Michael T. Parker
                                         UNITED STATES MAGISTRATE JUDGE